**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL O. CONNER,  )<br>  )<br>        Petitioner,  )<br>  )<br>    v.  )<br>  )<br>V.M. ALMAGER (Warden),  )<br>  )<br>        Respondent.  )<br>_____) | No. EDCV 07-1625-DMG(CW)<br><br>ORDER OF DISMISSAL |

The present habeas corpus action was opened on December 6, 2007, with the filing of a Petition for Writ of Habeas Corpus (28 U.S.C. § 2254). The pro se petitioner is a state prisoner in state custody pursuant to a 2002 conviction in California Superior Court, Riverside County, Case No. RIF 089248. Petitioner has challenged that same conviction in a habeas petition under 28 U.S.C. § 2254 which is still pending in this court as Conner v. Almager, Case No. EDCV 06-915-JFW(CW).

The present petition seeks to add claims concerning a restitution fine imposed as part of Petitioner's sentence. Petitioner has filed an application for leave to amend in Case No. EDCV 06-915 to add these

same claims regarding the restitution fine. [No. EDCV 06-915, docket no. 31.] That application was denied in a minute order filed March 19, 2010. [No. EDCV 06-915, docket no. 32.][1] Accordingly, the present petition simply duplicates an application already filed and denied in another pending action.

Furthermore, there is no indication that Petitioner has any claims, cognizable on federal habeas review, that could be raised in the present action but not in No. EDCV 06-915.

## **DISCUSSION**

A federal district court may entertain a habeas petition on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. 2254(a). The court need neither grant the writ nor order a return if it appears from the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rules Governing Section 2254 Cases, 28 foll. § 2254, Rule 4.

The court has discretion to dismiss a pleading "that merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). The present petition can, at most, merely repeat claims that have been or could be stated in Petitioner's pending and previously filed action.

//
//

---

[1] The court in No. EDCV 06-915 denied the application for leave to amend on the grounds that a challenge to the legality of a fine, by itself, does not satisfy the "in-custody" requirement for habeas corpus jurisdiction. See Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987)(per curiam); United States v. Kramer, 195 F.3d 1129, 11 (9th Cir. 1999)(analogous jurisdictional issue when federal prisoner challenged restitution fine in motion under 28 U.S.C. § 2255).

**ORDERS:**

**IT IS THEREFORE ORDERED** that judgment be entered dismissing the present action as duplicative of pending Case No. EDCV 06-915-JFW(CW).

**IT IS FURTHER ORDERED** that the clerk serve this Order and the Judgment herein on Petitioner.

DATED: May 4, 2010

_____
DOLLY M. GEE
United States District Judge

Presented by:
Dated: March 22, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

3